## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **FERNANDO GARCIA,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Civil Action No. 08-2230 (RMC)** |
| | : | |
| **DONALD C. WINTER, Secretary of the Navy,** | : | |
| | : | |
| **Defendant.** | : | |

## MEMORANDUM OPINION

Fernando Garcia, proceeding *pro se* and *in forma pauperis*, filed a Complaint for declaratory and injunctive relief under the Administrative Procedure Act, 5 U.S.C. § 701 *et seq*. He seeks an order directing the Secretary of the Navy to reinstate him as a member of the United States Marine Corps and to change his discharge status from dishonorable to honorable. The Secretary has filed a motion to dismiss, and Mr. Garcia has filed a motion for summary judgment, both of which are ripe. The Complaint will be dismissed for lack of jurisdiction.

## I.  FACTS

Mr. Garcia is a former Marine now serving a 20-year criminal sentence imposed in 2004 pursuant to a plea agreement in a general court-martial. In 1997, when Mr. Garcia and his wife were under suspicion of criminal activity, Mr. Garcia, who was physically present in their home at the time, expressly refused to allow law enforcement officers to conduct a warrantless search of his home. His wife, who was not at home at the time, gave permission, and the officers executed a search based on her permission. Using evidence obtained in this search, Mr. Garcia was tried in a 1998 court-martial. He was convicted of multiple counts of attempted

robbery, larceny, related conspiracies, housebreaking, and interstate transport of stolen property, and was sentenced to a dishonorable discharge, a reduction in rank, forfeiture of pay and allowances, confinement of 75 years in prison, with 35 years suspended, and a fine of $60,000. *See* Compl., App. 10 at 1; *United States v. Garcia,* No. 9901513, 2007 WL 1704946, *1 (N.M. Ct. Crim. App. Jan. 10, 2007). Mr. Garcia successfully appealed this conviction, and the "findings, sentence, and the decision" were set aside based on a finding of ineffective assistance of counsel. Compl., App. 10 at 2. He was recharged in 2004 and this time pled guilty pursuant to an agreement whereby his sentence of confinement was effectively reduced to a total of 20 years. *Id.*; Compl. ¶ 48; *Garcia,* 2007 WL 1704946 at *1 & n.1.

Mr. Garcia then appealed the 2004 conviction resulting from his negotiated guilty plea to the Navy-Marine Court of Criminal Appeals. Mr. Garcia raised four alleged errors in his appeal:

> He first argues that his pleas were improvident because he was misinformed both by his counsel and by the military judge as to the maximum punishment authorized. Second, the appellant asserts that he was denied his right to speedy post-trial review. Third, he avers that he suffered cruel and unusual punishment under the Eighth Amendment and under Article 55, UCMJ [Uniform Code of Military Justice]. Finally, he asserts that his trial defense counsel was ineffective.

*Id.* at *1. While this appeal was pending, the Supreme Court in March 2006 issued its decision in *Georgia v. Randolph,* 547 U.S. 103 (2006), holding that the Fourth Amendment's guarantee against unreasonable searches requires a rule to the effect that "a physically present inhabitant's express refusal of consent to a police search is dispositive as to him, regardless of the consent of a fellow occupant." *Id.* at 122-23. In June 2006, Mr. Garcia executed a sworn statement

asserting that he had relied on his 2004 trial counsel's incorrect advice that his Fourth

Amendment challenges to the 1997 search of his home would be preserved even if he entered a

negotiated guilty plea. *See* Compl., App. 5; *Garcia*, 2007 WL 1704946 at *3 & n.5.  Both Mr.

Garcia's declaration and a counter-declaration from his 2004 defense counsel were submitted to

the Navy-Marine Court of Criminal Appeals where the appeal was still pending. *Garcia*, 2007

WL 1704946 at *3 & n.6.  In considering Mr. Garcia's allegations of ineffective assistance of

counsel, that court reviewed the two conflicting sworn statements in light of the record facts and,

after a detailed and extensive discussion of the evidence, *id.* at *3-4, concluded that "the record

'compellingly demonstrates' the improbability of [Mr. Garcia's] factual assertions regarding the

advice provided by his trial defense counsel."  *Id.* at 4.  The appeals court denied Mr. Garcia

relief on all his claims.[1]  *Id.* at 5.  It also noted that "[t]he suppression motion was waived by

[Mr. Garcia's] voluntary decision to enter pleas of guilty at his second trial."  *Id.* at 4 n.12 (citing

Rules for Courts-Martial ("RCM") 910(c)(4), Manual for Courts-Martial, United States (2002

ed.)).  Subsequently, that same court issued an opinion on February 21, 2008, in response to Mr.

Garcia's petition under 28 U.S.C. § 1651, in which it reiterated its determination that

> [i]ssues arising from any rulings made during [Mr. Garcia's] 1998
> court-martial are effectively mooted by our superior court's
> decision setting aside the results of that court-martial.  Further,
> [Mr. Garcia's] subsequent decision to enter unconditional guilty

---

[1] The Complaint misleadingly suggests that the Navy-Marine Court of Criminal Appeals disposed of Mr. Garcia's argument that *Georgia v. Randolph*, 457 U.S. 103, mandated vacature of his guilty plea by stating that the "Appellant's remaining assignment of error is without merit." Compl. ¶ 51 (referring to the *Randolph* supplemental assignment of error) & ¶ 52 (quoting *Garcia,* 2007 WL 17094946 at *5).  There can be no mistake that the "remaining assignment of error" to which the court referred was Mr. Garcia's claim of cruel and unusual punishment.  *See generally, Garcia,* 2007 WL 17094946.

> pleas at his 2004 court-martial effectively waived any evidentiary
> issues relating to his factual guilt.

Compl., App. 10 at 2 (citing RCM 910(c)(4).

Mr. Garcia has continued without success to attempt to have his negotiated guilty plea overturned by application of the *Randolph* decision to the 1997 search.[2]  In early 2008, he asked the Board for the Correction of Naval Records ("BCNR") to alter his record and his military discharge status.  In this action, he seeks a judgment declaring that the BCNR's non-response is arbitrary and capricious, Compl. ¶ 11, and a mandatory injunction requiring the Secretary of the Navy to upgrade his dishonorable discharge to an honorable discharge, *id.* at 14, and to reinstate him "as a member of the United States Marine Corps with all duties, responsibilities and privileges earned . . . prior to his 2004 court[]-martial," *id.* at 15.

## II.  STANDARD OF REVIEW

The APA provides for judicial review of "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court."  5 U.S.C. § 704. The parties agree that this Court may review decisions by the BCNR under the APA, and that to succeed, a plaintiff must show that the BCNR's decision was "'arbitrary, capricious or not based on substantial evidence.'"  Def.'s Mot. to Dismiss at 2 (quoting *Piersall v. Winter,* 435 F.3d 319, 321-22 (D.C. Cir. 2006)); *see also* Pl.'s Mot. for Summ. J. at 2 (citing 5 U.S.C. § 706 (2)).

---

[2] One such attempt was by petition for a writ of mandamus seeking to have this Court mandate that the United States Court of Appeals for the Armed Forces reverse the plaintiff's conviction.  The petition was dismissed for lack of jurisdiction.  *See* slip. op., *Garcia v. United States Court of Appeals for the Armed Forces,* Civ. No. 08-1825 (UNA) (July 28, 2008).

## III.  ANALYSIS

When Mr. Garcia submitted this Complaint for filing in early December 2008, he was under the mistaken impression that he was entitled to sue because the BCNR had not timely responded to his request, which he construed as a denial without adequate explanation.  *See* Compl. ¶ 6 (citing 28 U.S.C. § 2675(a)).  Mr. Garcia is incorrect that 28 U.S.C. § 2675(a) affords him the right to bring an action against the Secretary on the issues presented in this case, as that statute applies only to claims for damages brought under the Federal Tort Claims Act.  Therefore, this Complaint for injunctive and declaratory relief under the APA was subject to dismissal as premature.

Although the BCNR had not issued a decision at the time Mr. Garcia submitted this Complaint, it did so soon thereafter.  In a letter dated December 23, 2008, the BCNR denied Mr. Garcia relief, stating that "[a]fter careful and conscientious consideration of the entire record, the Board found that the evidence submitted was insufficient to establish the existence of probable material error or injustice."  Notice of Filing, BCNR Letter Decision addressed to Fernando Garcia at Ft. Leavenworth, Kansas, Dec. 23, 2008, at 1.  After reciting the procedural history of Mr. Garcia's case and appeals, and noting that his clemency application had been denied, the letter also stated

> In your application you are requesting that all traces of the invalid court-martial be removed from your record and that the dishonorable discharge be upgraded to an honorable discharge.  As you have been previously informed the Board is prevented by law from reviewing courts-martial and must limit its review to determining if the court-martial sentence should be reduced as a matter of clemency.  Therefore, all of your arguments concerning the court-martial conviction were disregarded by the Board.

> Given the offenses for which you were convicted the Board could
> not conclude that the sentence of the court was too severe.  Accordingly, your application has bee

*Id.* at 2.

Apparently unaware that the BCNR had issued its decision, the Secretary filed a

motion to dismiss the Complaint on March 26, 2009, asserting that there was no final agency

decision for this Court to review and that the Complaint was filed prematurely.  *See* Def.'s Mot.

to Dismiss at 1.  Three weeks later, on April 20, 2009, the Secretary filed a notice with the Court,

placing on the record the BCNR letter decision addressed to Mr. Garcia.  Since learning of the

BCNR decision, the Secretary has maintained the position that Mr. Garcia's challenge to the non-

decision of the BCNR is moot because the BCNR has issued its decision.  *See* Def.'s Opp'n at 3.

Neither Mr. Garcia's opposition nor his motion for summary judgment

acknowledges or addresses the BCNR decision.  Rather, Mr. Garcia proceeds as if the BCNR

never issued its decision.[3]  Mr. Garcia contends that "[b]ecause the Defendant failed to provide

anything approaching a reasoned explanation for its no respond decision [sic], this Court should

---

[3] It is certainly reasonable to conclude that Mr. Garcia received a copy of the BCNR letter decision — which was addressed directly to him — soon after it was issued on December 23, 2008.  It appears that in late March 2009 the Secretary was unaware that the BCNR had issued its decision three months earlier.  The Secretary had learned of the BCNR decision by April 20, 2009, when he filed it on the Court's record and served on Mr. Garcia.  At the time Mr. Garcia submitted his opposition and motion for summary judgment, he may have not known that the Secretary had learned of the BCNR decision.  His certificate of service for the opposition and summary judgment motion is dated April 20, 2009, the same day that the Secretary filed the BCNR decision on the Court's record.  Given that Mr. Garcia sends and receives case-related materials by mail, he would not have received a service copy of the Secretary's notice of the BCNR decision until after he had mailed his opposition and summary judgment motion.  The BCNR decision was again served on Mr. Garcia when the Secretary filed an opposition to Mr. Garcia's motion for summary judgment.  Mr. Garcia did not file a reply in support of his summary judgment motion.  In sum, nothing in Mr. Garcia's submissions acknowledges that the BCNR had issued its decision while this action was pending.

hold that the agency's no respond [sic] [was ] 'arbitrary and capricious.[']"  Pl.'s Opp'n ¶ 11.

Noting that the Secretary's motion to dismiss does not dispute Mr. Garcia's "position that the . . .

BCNR never responded to his claim,'" he asserts that he can prevail by showing that the "'no

respond' [sic] from the agency (BCNR) was arbitrary and capricious and an abuse of discretion."

Pl.'s Mot. for Summ. J. at 2.  He maintains that "[b]ecause the BCNR failed to provide anything

approaching a reasoned explanation for its no respond [sic], this Court should hold that the

BCNR actions were arbitrary and capricious and an abuse of discretion."  *Id.*

      Mr. Garcia's argument is based on a false premise.  As the BCNR has issued its

decision, Mr. Garcia's argument regarding a non-response is without factual or legal merit.  This

Court lacks subject matter jurisdiction over issues that have become moot.

## IV.  CONCLUSION

      Accordingly, Mr. Garcia's motion for summary judgment [Dkt. # 14] will be

denied and the Secretary's motion to dismiss [Dkt. # 9] will be granted.  A separate order

accompanies this Memorandum Opinion.


                  /s/
                ROSEMARY M. COLLYER
Date:  January 13, 2010         United States District Judge